UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAY PINEDA,<br><br>　　　　　　　Petitioner,<br>v.<br><br>JERRY HOWELL, et al.,<br><br>　　　　　　　Respondents. | Case No. 2:20-cv-01248-GMN-VCF<br><br>ORDER |

　　　This is a habeas corpus proceeding under 28 U.S.C. § 2254. Petitioner, Ray Pineda, has filed a motion for leave to proceed in forma pauperis and a financial certificate (ECF No. 1) which show that he is unable to pay the filing fee of $5.00 required to initiate this action. Accordingly, his motion for leave to proceed *in forma pauperis* shall be granted.

　　　The court has reviewed the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254, and concludes that the petition shall be dismissed. Rule 4 provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Habeas Rule 4. Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir.1983); *see also O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

　　　In a prior habeas proceeding in this court, Pineda filed a petition containing unexhausted claims. *See Pineda v. Williams*, 3:16-cv-00187-RCJ-WGC; ECF No. 23.

After the court denied his request for stay and abeyance, Pineda elected to voluntarily dismiss his petition without prejudice rather than abandon the unexhausted claims. *Id*.; ECF Nos. 33/36. With his current petition in this case, he raises a single claim – i.e., that he has been unconstitutionally deprived of his access to courts because the mishandling of his mail by the Nevada Department of Corrections resulted in the dismissal of his state post-conviction proceeding. ECF No. 1-1 at 3-5.

In *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016), the Ninth Circuit Court of Appeals held that "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983[.]" *Nettles*, 830 F.3d at 931, 934 (citations omitted). The court concluded that petitioner's challenge to prison disciplinary proceedings did not fall within "the core of habeas corpus" because "[s]uccess on the merits … would not necessarily lead to immediate or speedier release." *Id*. at 934–35. The court reasoned that "the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." *Id*.

A First Amendment claim for denial of access to court requires a showing of (1) misconduct on the part of a prison official that (2) caused actual injury to the prisoner, which (3) cannot be remedied in any other proceeding. *Christopher v. Harbury*, 536 U.S. 403, 414-416 (2002). In order to plead actual injury the plaintiff must describe the cause of action lost or frustrated in sufficient depth for the court to be able to determine whether it was "non-frivolous" or "arguable." *Christopher*, 536 U.S. at 415. A prisoner is not required to show that he would have won on the merits. *Allen v. Sakai*, 48 F.3d 1082, 1085 (9th Cir. 1994).

Here, Pineda might be able meet the actual injury requirement by demonstrating that prison officials prevented him for presenting non-frivolous or arguable habeas claims to the Nevada courts. Success on the merits of his access to courts claim would not, however, necessarily require or result in his immediate or speedier release. In fact, even if this court were to determine that prison officials prevented Pineda from bringing

a claim that would have prevailed in the Nevada courts, this court could not, as a matter of comity, grant habeas relief on that basis. To hold otherwise would allow Pineda to bypass the procedural requirements (such as exhaustion and timeliness) that apply to his underlying habeas claims. Thus, Pineda's access to court claim is not cognizable as a ground for federal habeas relief.[1] Because it contains no other claims, Pineda's habeas petition will be dismissed.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 1) is GRANTED. The Clerk shall file the petition for writ of habeas corpus (ECF No. 1-1) and the accompanying motion for appointment of counsel (ECF No. 1-2).

IT IS FURTHER ORDERED the petition for writ of habeas corpus is DISMISSED. The Clerk shall enter judgment accordingly and administratively close this case.

IT IS FURTHER ORDERED that the court declines to issue a certificate of appealability as reasonable jurists would not find dismissal debatable or wrong

IT IS FURTHER ORDERED that the Clerk shall serve a copy of the petition and this order on the respondents via the Nevada Attorney General.

IT IS FURTHER ORDERED that the motion for appointment of counsel is DENIED.

DATED THIS 13 day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[1] As for Pineda bringing a § 1983 claim, the Ninth Circuit has not squarely addressed whether an access to courts claim alleging that the plaintiff was prevented from perfecting a habeas petition is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). At least one district court in the Ninth Circuit has applied the *Heck* bar to such a § 1983 claim. *See Powell v. Barron*, 2017 WL 11517563 (E.D. Cal. June 16, 2017). This court need not decide the issue here and declines to do so.